FILED
2018 Apr-24 PM 01:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RUTH D. BETTIS, }
}
    Plaintiff, }
}
v. }   Case No.: 2:16-cv-01260-RDP
}
SERRA NISSAN/OLDSMOBILE, INC., et }
al., }
}
    Defendants. }

## MEMORANDUM OPINION

This case is before the court on the Motion to Reopen Case and Motion to Confirm Arbitration Award filed by Defendants Serra Nissan/Oldsmobile, Inc., Serra Volkswagen, Inc., Serra Automotive, Inc., Serra Automotive Management, Inc., and Anthony F. Serra ("Defendants"). (Doc. # 55). On April 2, 2018, the court reopened this case for purposes of addressing Defendants' Motion to Confirm Arbitration Award. (Doc. # 58). The court ordered the parties to brief the motion in accordance with Exhibit B to the court's Initial Order, a copy of which was attached to the order. (*Id.* at 1). Under that exhibit, Plaintiff's opposition brief was due on April 13, 2018. (*See id.* at 3). The court mailed its order to Plaintiff at the address her former counsel used to send Plaintiff his Motion to Withdraw. (*See id.* at 1; Doc. # 56 at 3). No response to Defendants' Motion to Confirm Arbitration Award has been filed to date. Accordingly, the court concludes that Defendants' Motion to Confirm is under submission. After careful review, and for the reasons explained below, the court concludes that Defendants' Motion (Doc. # 55) is due to be granted.

## I. Background and Procedural History

In August 2016, Plaintiff filed this action in federal court. (*See* Doc. # 1). In her Complaint, Plaintiff raised federal-law claims under the Racketeer Influenced and Corrupt Organization Act, along with state-law claims of identity theft, unjust enrichment, fraudulent concealment, negligence, wantonness, negligent training, supervision, and retention, and civil conspiracy. (*See generally id.*). In December 2016, Defendants moved to compel arbitration of Plaintiff's claims. (Doc. # 21). In response, Plaintiff averred that she had not signed the retail order that contained the arbitration clause Defendants sought to enforce. (Doc. # 30-2 at 1-2). After limited discovery, the court found material questions of fact regarding whether Plaintiff had assented to an enforceable arbitration agreement. (*See* Doc. # 38 at 2-4). Therefore, in September 2017, the court conducted a bench trial to determine whether Plaintiff had entered into an enforceable arbitration agreement. (Docs. # 53 at 3; 54).

During the bench trial, the parties agreed to dismiss this case without prejudice and proceed to arbitration. (Doc. # 54 at 123). By agreement, Plaintiff had 90 days to decide whether to arbitrate her claims. (*Id.*). Defendants reserved "the right to assert appropriate counterclaims or claims for costs before the arbitrator" if Plaintiff proceeded to arbitration. (*Id.*). But, the parties agreed to not file any motion for fees or costs with this court pertaining to the bench trial and other proceedings. (*Id.*). Defendants' counsel stated that the matter would be closed in this court unless a party filed a motion to enforce an arbitration award or a motion to set aside an arbitrator's award. (*Id.* at 124). Consistent with the parties' agreement, the court granted Defendants' motion to compel arbitration and dismissed this action without prejudice. (Doc. # 52 at 1).

On November 1, 2017, Plaintiff submitted an agreement to arbitrate to the Better Business Bureau. (Doc. # 55-3). During the ensuing arbitration proceedings, Defendant Serra Nissan denied Plaintiff's allegations, accused Plaintiff of falsifying documents and submitting perjured testimony, and requested costs and attorneys' fees for defending the action. (Doc. # 55-1 at 1). Plaintiff testified before the arbitrator that she had not signed certain documents when she purchased a vehicle from Serra Nissan. (*Id.* at 3). The arbitrator also heard testimony from a handwriting expert presented by Defendants. (*Id.*). The handwriting expert testified that the retail order presented by Defendants contained Plaintiff's authentic signature and that the retail order presented by Plaintiff contained a forged signature. (*Id.* at 3-4).

The arbitrator issued the following ruling:

Therefore, based upon the testimony and evidence received, the undersigned finds for [ ] Serra Nissan and denies all requested relief by Ms. Bettis. The undersigned examined closely all the documents submitted, compared the signatures himself, taking into consideration what the handwriting expert looks for, and made his own conclusion as to the documents. First of all, it is clear that the signature of John Hall on the cash receipt does not match any of the known signatures of Mr. Hall which is contained numerous times throughout the documents. Second, it was compelling that the co-signer Mr. Brewster was not present, nor gave an affidavit, that his signature on the very same forms as Ms. Bettis was a forgery. And lastly, after comparing the retail orders supplied by both parties, it is clear to the undersigned that the $8,500 entry for the deposit does not match the typeset of the [rest] of the documents, which leads the undersigned to find that this was entered after the contract was signed. Further, the math on the retail order supplied by Ms. Bettis is inaccurate in that if $8,500.00 was put down as contemplated, the unpaid balance would be much less.

Further, I find that the award of attorney fees is proper under these facts and circumstances and award attorney's fees and costs to be paid by Ruth Bettis to Serra Nissan in the amount of $28,509.03.

(*Id.* at 5). Defendants have moved for the court to enforce this arbitration award. (Doc. # 55).

## II.     Analysis

A court retains jurisdiction to confirm or vacate an arbitration award when it grants a motion to compel arbitration, as the court did in this case. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). A party may apply for the court to confirm an arbitration award within one year of its issuance. 9 U.S.C. § 9. "This provision 'carries no hint of flexibility. On application for an order confirming the arbitration award, the court must grant the order unless the award is vacated, modified, or corrected.'" *PTA-FLA*, 844 F.3d at 1306 (internal quotation marks omitted) (quoting *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 587 (2008)). "The Federal Arbitration Act . . . imposes a heavy presumption in favor of confirming arbitration awards. As a result, a court's confirmation of an arbitration award is usually routine or summary." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2003). A party seeking to vacate an arbitration award has the burden of proving one of four limited grounds for vacatur. *Id.* at 1289.

Here, Plaintiff has not challenged the validity of the arbitration award. This is the case despite the fact that the court sent notice to her of the motion. (Doc. # 58). Accordingly, the court finds that Defendants' motion is due to be granted and that the arbitration award is due to be confirmed. *See Riccard*, 307 F.3d at 1288-89; *Brice Building Co. v. Lee*, 2010 WL 11562098, at *1 (N.D. Ala. Sept. 30, 2010) (confirming an arbitration award where the losing party failed to respond to the confirmation motion). An Order and Final Judgment consistent with this Memorandum Opinion will be entered.

4

**DONE** and **ORDERED** this April 24, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE